UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEMORIO GUZMAN,

        Case No. 08-10709
        Criminal Case No. 03-50052

    Petitioner,

v.        Thomas L. Ludington
        U.S. District Judge

UNITED STATES OF AMERICA,

        Michael Hluchaniuk
    Defendant.    U.S. Magistrate Judge

_____/

**REPORT AND RECOMMENDATION**
**28 U.S.C. § 2255 PETITION (Dkt. 102)**

**I.    PROCEDURAL HISTORY**

Petitioner, Nemorio Guzman, filed the present motion to vacate on February 19, 2008, seeking to set aside his conviction for various drug offenses. (Dkt. 102). The petition was referred to the undersigned on April 17, 2008, pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 104). An initial review of the petition indicated that it was filed outside the one year period from the criminal judgment becoming final as provided for in 28 U.S.C. § 2255(f)(1). An order to show cause was entered on September 30, 2008, directing petitioner to show cause why the petition should not be dismissed for failing to file the petition within the applicable limitation

period and, specifically, inviting petitioner to address the question of equitable tolling. (Dkt. 105).

On October 21, 2008, petitioner filed a response to the order to show cause. (Dkt. 106). In the response, petitioner does not challenge the fact that his petition was untimely. Rather, he says that he did not become aware of the basis of his petition until late in 2007 and, thereafter, was unable to obtain the proper forms for filing the motion to vacate until just before it was filed.

On December 3, 2008, the government filed its reply to petitioner's response to the order to show cause. (Dkt. 108). In essence, the government maintains that petitioner either knew, or should have known, about the alleged conflict of interest well before he now claims to have known and therefore, according to the government, petitioner has not provided a meritorious explanation for not filing the petition in a timely manner.

## II.   RELEVANT FACTS

In his motion to vacate, the sole issue raised by petitioner is the allegation that he was denied his Sixth Amendment right to constitutionally effective counsel based on the claim that his trial attorney, Ralph E. Meczyk, was "affiliated" with Lawrence H. Hyman, the attorney for one of petitioner's co-defendants, Jose Gomez Bustos, and the two attorneys worked together to obtain a favorable plea

agreement for Mr. Bustos but "prevented" petitioner from working out a plea agreement, which resulted in him going to trial contrary to his wishes. (Dkt. 102). Petitioner expands on these allegations in his response to order to show cause by claiming that the two attorneys "used the attorney-client information gained through their interviews with the petitioner to strike a deal for Bustos" and to "instruct" petitioner to go to trial because petitioner had "a little money" and having petitioner go to trial was "the best way for the law firm to profit." (Dkt. 106). The government has not responded to these allegations because they have not been directed to do so.

In responding to the order to show cause, petitioner contends that the reason he did not file a timely petition was that he did not become aware of the facts relating to his claim until shortly before the due date for filing the petition and then could not readily obtain the forms for filing the petition from prison officials. Specifically, petitioner claims that, in December of 2007, he spoke with his wife and was informed that a person of whom petitioner's wife was aware had gone to the same lawyer in Chicago that had represented co-defendant Bustos and that the lawyer's office was on Washington Street. (Dkt. 106; Affidavit of Nemorio Guzman). Petitioner says that, for the first time, he became suspicious that Mr. Bustos had been represented "by the same attorney that represented [petitioner] in

[their] criminal case" and became concerned about a possible conflict of interest. *Id*.

In mid-January of 2008, petitioner says he received "proof," based on court docket documents, of the fact that Mr. Bustos had been represented by attorney Lawrence H. Hyman with offices located at 111 W. Washington Street, Suite 1625, Chicago, Illinois, which is the same business address as Ralph E. Meczyk, who was petitioner's attorney of record in the underlying case. Petitioner states that, throughout the proceedings, he thought he was being represented by both Mr. Hyman and Mr. Meczyk, who he thought were part of the same law firm. *Id*. Petitioner claims to have met with both attorneys at times during the pendency of the case and had "no way of knowing or constructively knowing" that Mr. Bustos was represented by Mr. Hyman until mid-January 2008. *Id*. In the response, petitioner asserted that "at no time during the petitioner's indictment, arrest, pre-trial or trial proceedings, did [petitioner] ever come into contact with co-defendant Bustos or the attorneys representing him. Petitioner never had the opportunity to physically see who was representing Jose Gomez Bustos and therefore should not be held to have constructive knowledge that [Bustos'] attorneys were also representing the petitioner." (Dkt. 106, ¶ 6).

The reply by the government included affidavits from attorney Lawrence Hyman and attorney Ralph E. Meczyk. (Dkt. 108-3 and 108-4). Mr. Hyman attests that he was retained to represent Mr. Bustos in September of 2003 and that on September 25, 2003, he was in court at the same time as petitioner and Ralph Meczyk when the initial appearance took place. If accurate, this would contradict petitioner's claim that he was never in court at the same time as Mr. Bustos and Mr. Hyman. Mr. Hyman also stated that he never spoke to petitioner about his case and did not participate in the preparation of petitioner's trial. Mr. Meczyk attests that he was retained to represent petitioner in September of 2003 and that Mr. Hyman never particiapted in any of the meetings between Mr. Meczyk and petitioner. Both attorneys indicated that they shared office space but were not business associates and that petitioner would have been aware that they shared space because their names were posted at the entrance to the office space that they shared.

### III. ANALYSIS AND CONCLUSION

To be timely filed, a § 2255 petition, under the circumstances applicable to petitioner in this case, must be filed within one year of the criminal judgment becoming final. 28 U.S.C. § 2255(f)(1). In the present case, there is no dispute that a motion to vacate should have been filed on or before January 22, 2008 to be

timely and was not "filed" until February 14, 2008, when petitioner placed it in the prison mail system. The issue before the court is whether the doctrine of equitable tolling should be applied to the circumstances of this case to excuse an untimely filing of the motion to vacate by petitioner. "The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). Additionally, petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). Absent compelling equitable circumstances, a court should not extend the one year limitation period " 'by even a single day.'" *Vroman*, 346 F.3d at 604.

    Factors recognized by the Sixth Circuit to determine the propriety of applying the doctrine of equitable tolling include: (1) petitioner's lack of notice of the filing requirement, (2) petitioner's lack of constructive knowledge of the filing requirement, (3) diligence in pursuing one's rights, (4) absence of prejudice to the respondent, and (5) petitioner's reasonableness in remaining ignorant of the legal requirements for filing his claim. Vroman, 346 F.3d at 604-05. The absence of prejudice to the respondent is only considered after a factor that might justify tolling the limitation period has been identified. *Id*. Petitioner has not claimed to

have been unaware of the limitation period for filing motions of this nature, which leaves an examination of his diligence to determine if he has met his burden of proof with respect to equitable tolling.

Petitioner claims that he proceeded with due diligence to file the motion to vacate after he became aware that the attorney that represented a co-defendant in his case had an office at the same location as the attorney that represented petitioner during his pre-trial and trial proceedings. However, the undersigned concludes that petitioner did not proceed with due diligence in vindicating his rights and, therefore, petitioner has not met his burden of proving that he should be allowed to rely on the doctrine of equitable tolling to excuse his untimely motion to vacate.

In arguing due diligence, petitioner focuses on his actions following the claimed revelation in late 2007 that Mr. Hyman represented a co-defendant in his criminal case. Petitioner maintains that he did not know or have any reason to believe that his co-defendant was represented by Mr. Hyman and that Mr. Hyman and Mr. Meczyk were in the same law firm. Petitioner alleges that Mr. Hyman and Mr. Meczyk interviewed him before trial and that petitioner thought that both attorneys were representing him. Actually, petitioner has made several inconsistent statements regarding his purported beliefs about who represented him

during the criminal proceedings and as to the business relationship between Mr. Hyman and Mr. Meczyk. In the response to order to show cause petitioner states that "at all times during his case [he] believed that Hyman and Meczyk were both representing him as part of one law firm." (Dkt. 106, ¶ 13). In the petition however, petitioner states: "Ralph E. Meczyk represented me. Unbeknownst to me, Meczyk was affiliated with Lawrence H. Hyman, the attorney for Jose Gomez Bustos. Bustos was one of my co-defendants." (Dkt. 102, ¶ 12).

    Mr. Hyman and Mr. Meczyk have submitted affidavits attesting that, while they shared office space at the same location in Chicago, they were not in the same law firm and were not partners in the practice of law. Both attorneys also deny that Mr. Hyman discussed petitioner's case with him and further deny that Mr. Hyman participated in the meetings that Mr. Meczyk had with petitioner in his office. Additionally, both attorneys attest that petitioner must have known that they were in the same office space because their names were on or near the entrance to the office suites they shared. Mr. Hyman also attests that he was in court with Mr. Bustos on September 25, 2003, at the same time that Mr. Meczyk was in court with petitioner, when both men had their initial appearances on the charges. While petitioner denies that he was ever in court with Mr. Bustos and, therefore, asserts that he never had the opportunity to "physically see" who was

representing him, the court docket sheets for petitioner and for Mr. Bustos, which were submitted by petitioner in this proceeding, indicate that both individuals had initial appearances and arraignments on September 25, 2003, and that Mr. Bustos was represented by Mr. Hyman and that petitioner was represented by Mr. Meczyk.[1] Given the relatively small federal courthouse in Flint, where the activity associated with the initial appearances took place, it is difficult to imagine that petitioner would not have seen or heard who was representing Mr. Bustos.

Petitioner's claim relating to ineffective assistance of counsel based on allegations of conflict of interest are dependent on petitioner establishing both the existence of a conflict of interest and that the conflict had an adverse effect on the attorney's performance. *Moss v. United States*, 323 F.3d 445, 465-66 (6th Cir. 2003). The only "adverse effect" identified by petitioner is the claim that Ralph E. Meczyk "prevented" him from entering into a plea agreement and cooperating with the government which, apparently, was what petitioner wanted to do. (Dkt. 102, ¶ 12).[2] Petitioner suggests that because he was "prevented" from pleading

---

[1] While the court records show that both individuals had their initial appearances and arraignments on the same day, the court records do not conclusively establish that they appeared in court at the same time.

[2] Petitioner makes an unsupported allegation that Mr. Hyman **and** Mr. Meczyk worked to get a "plea deal" for Mr. Bustos but petitioner does not make a claim of "adverse effect" as to his circumstances. There is no indication that Mr. Bustos testified against petitioner or that there was any other detrimental effect on

guilty, that he went to trial and was ultimately found guilty of the charges in the indictment, and that he was sentenced to a term of imprisonment of 121 months. (Dkt. 102, ¶ 3). Petitioner would have been aware of the improper conduct he attributes to Mr. Meczyk at the time of the trial in July of 2003.[3] Despite his current claims of ineffective assistance of counsel, based on the claim that he was forced to go to trial by his attorney over petitioner's objection, petitioner has done nothing, before the present motion to vacate, to vindicate that claim. He did not raise the issue on direct appeal[4] and has not filed an earlier motion to vacate making these or related claims. Petitioner claims he waited until he had "proof" of the conflict of interest before seeking the forms to file the present motion to vacate. However, petitioner had sufficient awareness of facts that were critical to his claim as far back as 2003. He simply cannot wait until he "gathers every possible scrap of evidence that might support his claim" before filing a motion to vacate if that means filing an untimely motion, as is the case here. *Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003).

---

petitioner's case from the guilty plea by Mr. Bustos.

[3] It is not clear when petitioner claims to have became aware that Mr. Hyman and Mr. Meczyk worked to get a plea deal for Mr. Bustos but Mr. Bustos pleaded guilty in January of 2003.

[4] Petitioner was not represented by Mr. Meczyk on direct appeal.

**IV. RECOMMENDATION**

Based on petitioner's contradictory claims regarding what he knew and when he knew certain facts about his attorney's relationship with an attorney for a co-defendant, and petitioner's unjustified delay in seeking to challenge conduct of his trial attorney, which petitioner would have necessarily been aware of since July of 2003, the undersigned **RECOMMENDS** that the present motion to vacate be **DISMISSED** because it was not filed within the limitation period for filing such motions and because petitioner has not met his burden to demonstrate that his untimely filing should be excused by application of the doctrine of equitable tolling.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

*and Human Servs.* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), a copy of any objections is to be served on this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not exceed twenty (20) pages in length unless such page limitation is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections by motion and order. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

|  |  |
|---|---|
| Date: January 26, 2009 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

## CERTIFICATE OF SERVICE

I certify that on January 26, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Barbara C. Tanase, AUSA, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Nemorio Guzman, ID # 31116-039, FCI OXFORD, Post Office Box 1000, Oxford, WI 53952.

                                                s/James P. Peltier
                                                Courtroom Deputy Clerk
                                                U.S. District Court
                                                600 Church Street
                                                Flint, MI 48502
                                                (810) 341-7850
                                                pete_peltier@mied.uscourts.gov